******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ANGELA FOGEL *v.* RAFAEL FOGEL
## (AC 44387)

Cradle, Clark and Harper, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dissolved, appealed to this court from the judgment of the trial court granting the defendant's motion to modify alimony. The separation agreement that was incorporated into the judgment of dissolution required the defendant to pay the plaintiff a percentage of his "income from employment" as alimony. The dissolution judgment was subsequently modified by agreement of the parties, and that agreement deleted the provisions defining "income from employment," including language pertaining to phantom income. After a hearing, the trial court granted the defendant's motion to modify alimony on the basis that he had been involuntarily terminated from his employment at F Co., and, therefore, concluded that he did not have the ability to pay his remaining alimony obligation. On the plaintiff's appeal to this court, *held* that the trial court properly granted the defendant's motion for modification of alimony: the defendant testified that his termination from F Co. was involuntary, partners and/or directors of F Co. testified that the defendant's termination was involuntary, and because there was evidence that he was involuntarily terminated, this court could not conclude that the court's factual determination was clearly erroneous; moreover, although the plaintiff claimed that the court abused its discretion in declining to consider phantom income allocated to the defendant in determining his ability to pay alimony, the plaintiff relied on language in the dissolution judgment that defined income from employment, and this reliance was misplaced because the original judgment was superseded by the subsequent modification; furthermore, the court did not fail to consider the applicable statutory (§ 46b-82) criteria, as the court referenced the statutory factors and discussed many of them in its decision.

Argued February 15—officially released May 31, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *Schofield, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Colin, J.*, approved a stipulation of the parties to modify the judgment; subsequently, the court, *Hon. Michael E. Shay*, judge trial referee, granted the defendant's motion to modify alimony, and the plaintiff appealed to this court. *Affirmed.*

*Kenneth M. Potash*, with whom was *Rebecca L. DeBiase*, for the appellant (plaintiff).

*Campbell D. Barrett*, with whom was *Johanna S. Katz*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this matter arising from the dissolution of the parties' marriage, the plaintiff, Angela Fogel, appeals from the judgment of the trial court granting a motion to modify alimony filed by the defendant, Rafael Fogel.[1] On appeal, the plaintiff claims that the court erred in (1) finding that the defendant had been involuntarily terminated from his employment, (2) declining to consider "phantom income"[2] for purposes of determining the defendant's alimony obligation, and (3) failing to consider all of the factors set forth in General Statutes § 46b-82 in deciding whether to modify the defendant's alimony obligation. We affirm the judgment of the trial court.

The following procedural history is relevant to the plaintiff's claims on appeal. The marriage of the parties was dissolved on February 5, 2009. Pursuant to the separation agreement that was incorporated into the judgment of dissolution, the defendant was required to pay the plaintiff $16,666.67 per month as unallocated alimony and child support, plus an additional percentage of his gross "income from employment," until the death of either party, the remarriage of the plaintiff, or January 31, 2019, whichever occurred first. The term "income from employment" was defined in detail in the separation agreement and provided, inter alia, that "[d]istributions which are solely distributions to provide for income taxes on phantom income and which are indicated as such in a communication prepared in the ordinary course of business from the payor to the defendant, shall not be included as income from employment in calculating support payments due."

On February 27, 2017, the dissolution judgment was modified by agreement of the parties. The parties' agreement modified the dissolution judgment in that it deleted the provisions that defined "income from employment," including the language pertaining to " 'phantom income.' " The agreement also provided, inter alia, that the defendant would make certain payments to the plaintiff as alimony, until January 31, 2019, and that the payments were modifiable only in the event that "[t]he defendant is involuntarily terminated from his current job at Falcon Investment Advisors, LLC [(Falcon)] . . . ."

On January 2, 2018, the defendant filed a motion to modify alimony, alleging a substantial change in circumstances in that he had been involuntarily terminated from his job at Falcon on May 12, 2017. On February 6, 2018, the plaintiff filed a motion for contempt, alleging that the defendant unilaterally reduced his alimony payment to her for the month of February, 2018.

On November 2, 2020, following a three day hearing, the court filed a memorandum of decision in which it granted the defendant's motion to modify alimony and denied the plaintiff's motion for contempt. The court

found that, although the defendant and Falcon had executed a "Transition Agreement," which indicated that the defendant had "retired," the defendant had, in fact, been terminated involuntarily for making an investment that cost Falcon more than $40,000,000. The court further found that, since his termination, the defendant had been unable to secure employment at a comparable salary. The court therefore concluded that there had been a substantial change in circumstances and that the defendant did not have the ability to pay his remaining alimony obligation. In so concluding, the court rejected the plaintiff's argument that the defendant had the ability to pay based on his receipt of approximately $3.2 million in " 'phantom income' " in 2018. The court held that the " 'phantom income' " was "not available to the defendant for his use" and declined to consider it in determining his ability to pay alimony. Accordingly, the court granted the defendant's motion to modify and terminated his alimony obligation. The court also found that the plaintiff failed to meet her burden to demonstrate that the defendant wilfully failed to pay the alimony order and denied her motion for contempt. This appeal followed.

On appeal, the plaintiff claims that the court erred in (1) finding that the defendant had been involuntarily terminated from his employment, (2) declining to consider "phantom income" for purposes of determining the defendant's alimony obligation, and (3) failing to consider all of the factors set forth in § 46b-82 in deciding whether to modify the defendant's alimony obligation. We disagree.

"[T]he standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Coleman* v. *Bembridge*, 207 Conn. App. 28, 33–34, 263 A.3d 403 (2021).

The plaintiff first argues that the court erroneously found that the defendant was involuntarily terminated from his position at Falcon, where there was "evidence that he [had] retired." In so arguing, the plaintiff misunderstands the scope of our review. In determining whether a trial court's factual finding is clearly erroneous, we

examine the record to determine whether there is any evidence to support that finding, not whether there is evidence to support a different finding or whether there is an alternative interpretation of the evidence. At the hearing, the defendant testified that his termination from Falcon was not voluntary. Five of the partners and/or directors of Falcon also testified that the defendant's termination was not voluntary. Thus, although the transition agreement between the defendant and Falcon indicated that the defendant retired, there was evidence presented to the court that he was involuntarily terminated. Because there is evidence in the record that supports the court's finding that the defendant was involuntarily terminated, we cannot conclude that this factual determination was clearly erroneous.

The plaintiff next argues that the court abused its discretion in declining to consider "phantom income" allocated to the defendant in 2018 in determining his ability to pay alimony. In so arguing, the plaintiff relies heavily on the language of the original dissolution judgment that set forth a detailed definition of the term "income from employment," which, the plaintiff contends, did not exclude "phantom income." The plaintiff's reliance on the original dissolution judgment is misplaced because that judgment was modified in 2017, deleting the definition of "income from employment" on which the plaintiff now relies. The plaintiff concedes that the dissolution judgment was superseded by the parties' 2017 agreement.[3] The plaintiff's argument is therefore without merit.[4]

Finally, the plaintiff contends that the court failed to consider the statutory criteria set forth in § 46b-82[5] when it terminated the defendant's alimony obligation. Specifically, the plaintiff asserts that the court considered only the defendant's net income. The plaintiff's argument is belied by the court's memorandum of decision, in which the court specifically referenced the statutory factors and discussed many of them, such as the age, health and education of the parties, and their respective incomes. It is well settled that a court need not recite each of the statutory factors that it considers or give equal weight to those factors. *Oudheusden* v. *Oudheusden*, 338 Conn. 761, 769, 259 A.3d 598 (2021). Moreover, the plaintiff's argument in this regard is simply a recasting of her claim that the trial court failed to consider the defendant's "phantom income" when it determined that he no longer had the ability to pay alimony. Because we have concluded that the court did not err in doing so, this claim also fails.

The judgment is affirmed.

[1] Although the appeal form filed by the plaintiff indicates that she is appealing from the trial court's November 2, 2020 decision, in which the court also denied the plaintiff's motion for contempt that alleged that the defendant had wilfully failed to pay his alimony obligation, the plaintiff has not challenged the court's denial of her motion for contempt in her brief to this court.

[2] "Phantom income is an accounting term given to income generated by

[a] . . . limited liability company . . . or [a] . . . limited partnership . . . that hasn't been distributed to the members. It's called phantom income because it exists on paper. It's taxable income and you pay tax on it, even though there is no cash that comes to you." (Internal quotation marks omitted.) *Bongiorno* v. *J & G Realty, LLC*, Docket No. CV-12-6014465-S, 2019 WL 1875510, *28 (Conn. Super. March 12, 2019).

[3] Because the 2017 modification superseded the 2009 judgment, we need not determine whether the plaintiff's interpretation of the 2009 judgment is correct.

[4] At oral argument before this court, the plaintiff's counsel argued that the trial court made a legal error in declining to consider the defendant's "phantom income" in determining his ability to pay alimony. Because the plaintiff raised this issue for the first time at oral argument, it is not properly before us. *Rousseau* v. *Weinstein*, 204 Conn. App. 833, 855, 254 A.3d 984 (2021) ("[i]t is well settled that claims on appeal must be adequately briefed, and cannot be raised for the first time at oral argument before the reviewing court" (internal quotation marks omitted)).

[5] General Statutes § 46b-82 provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall consider the evidence presented by each party and shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate and needs of each of the parties . . . ."